ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 30 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| HAROLD B. CORNISH §<br>*Plaintiff,* §<br>§<br>vs. §<br>§<br>TEXAS DEPARTMENT OF §<br>PROTECTIVE AND REGULATORY §<br>SERVICES, JOHN ADAMO, §<br>STUART MACKEY, INDIVIDUALLY §<br>AND IN THEIR OFFICIAL CAPACITY §<br>*Defendants.* § | CIVIL ACTION<br>NO. 3:04-CV-0969-K |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR OPPOSED MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE ED KINKEADE:

Defendants, Texas Department of Protective and Regulatory Services (hereinafter, the "TDPRS"), John Adamo, and Stuart Mackie (hereinafter, the "Defendants"), file this Brief in Support of their Opposed Motion to Strike Plaintiffs' Response to Defendants' Motion for Summary Judgment, and would respectfully show the following:

### INTRODUCTION

The Court should strike the Plaintiff's Response to Defendants' Motion for Summary Judgment as untimely. (Docket Entry No. 48). On August 4, 2005, Plaintiff filed an untimely Motion to Enlarge Time to respond to the Defendants' Motion for Summary Judgment. (Docket Entry No. 45). On August 10, 2005, the Court signed an Order granting the Plaintiff's motion and requiring the Plaintiff to file his response no later than August 17, 2005. (Docket Entry No. 47). Nonetheless, the Plaintiff did not file his response until August 23, 2005 – six days after the Court's deadline. (Docket Entry No. 48). Because the Plaintiff has failed to comply with Local Rule 7.1(e)

and the Court's August 10, 2005 Order, the Court should strike the Plaintiff's Response to Defendants' Motion for Summary Judgment.

## FACTS

1. Plaintiff sued the Defendants on May 5, 2004, alleging gender, age, and sex discrimination and retaliation for Plaintiff's filing previous Title VII complaints against a former employer, the Dallas Police Department. This suit stems from Plaintiff's complaints against Defendants TDPRS, John Adamo, and Stuart Mackie for allegedly denying him employment for more than 50 positions with the TDPRS.

2. Beginning on March 12, 2002, the Plaintiff began applying for jobs with the Agency. (Docket Entry No. 1). From March 12, 2002 to October 25, 2002, the Plaintiff applied for 41 jobs with the Agency. (Docket Entry No. 1).

3. On June 15, 2005, the Defendants filed their Motion for Summary Judgment (Docket Entry No. 27). Pursuant to Local Rule LR 7.1(e) a "response and brief to an opposed motion must be filed within 20 days from the date the motion is filed." Accordingly, the Plaintiff's response to the Defendants' Motion for Summary Judgment was originally due on July 5, 2005.

4. On August 4, 2005, the Plaintiff, through his attorney, filed a Motion to Enlarge Time to File Response to Defendants' Motion for Summary Judgment. (Docket Entry No. 45). In this Motion, the Plaintiff requested that the Court extend his deadline for filing his response to the Defendants' Motion for Summary Judgment be moved to August 17, 2005.

5. On August 10, 2005, the Court signed an Order extending the Plaintiff's response deadline to August 17, 2005. (Docket Entry No. 47).

6. On August 23, 2005, the Plaintiff untimely filed his Response to the Defendant's

Motion for Summary Judgment.

### ARGUMENTS & AUTHORITIES

The Court should strike the Plaintiff's untimely Response to Defendants' Motion for Summary Judgment and consider the Defendants' Motion for Summary Judgment without a response from the Plaintiff. The federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962). This inherent power gives the federal courts the ability to impose sanctions on litigants who violate its orders. Such sanctions include the dismissal of a party's case for failure to obey a court's orders. *In re United Markets International, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994).

The Plaintiff in the present case has failed to comply with this Court's August 10, 2005 Order requiring all responses to be filed no later than August 17, 2005. The Plaintiff failed to offer any excuse for his lack of compliance, nor did he file any request to file his response beyond the Court's August 17, 2005 deadline. The Plaintiff's failure to timely file his response is particularly problematic in this case because the Plaintiff himself proposed August 17, 2003 as the deadline for his response. (Docket Entry No. 45). Moreover, the Plaintiff has had approximately three months from the date that Defendants filed their Motion for Summary Judgment to file a response. The Local Rules provide for 20 days.

Although the Defendants are requesting a harsh sanction – striking the Plaintiff's response in its entirety – the circumstances of this case call for the Court to impose a harsh sanction on the Plaintiff. As the Defendants have previously noted, the Plaintiff, who until recently was proceeding *pro se*, is an experienced litigant who should be expected to comply with deadlines and court orders. *See* Docket Entry No. 46. Furthermore, the Plaintiff can no longer use his *pro se* status as an excuse

for his neglect, as the Plaintiff had an attorney when he asked the Court to permit him to file his response no later than August 17, 2005. *See* Docket Entry No. 45. Because the Defendant has willfully violated a Court order, the Defendants' ask the Court to use its inherent power to strike the Plaintiff's response, and thereby prevent the Plaintiff from reaping any reward for his transgression.

## CONCLUSION & PRAYER

For the foregoing reasons, Defendants request that this Court strike the Plaintiff's Response to Defendants' Motion for Summary Judgment. (Docket Entry No. 48). Defendants pray for such additional relief to which they may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division

_____
CHRISTOPHER COPPOLA
Texas Bar No. 24036401
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; FAX: (512) 320-0667

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via United States Mail, Return Receipt Requested, on this __29th__ day of August, 2005, on:

John D. Copeland
Attorney at Law
1401 Elm Street, Suite 4585
Dallas, Texas 75202

_____
**CHRISTOPHER COPPOLA**
Assistant Attorney General