U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 6 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Harold B. Cornish | § | |
| Plaintiff, | § | |
| | § | Case No. 3:04-CV-0969-K |
| vs. | § | |
| | § | |
| Texas Department of Protective and | § | |
| Regulatory Services | § | |
| | § | |
| ORIGINAL Defendants | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE

## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OUT OF TIME AND

## RESPONSE TO DEFENDANT'S OPPOSED MOTION TO STRIKE

---

Plaintiff, by and through his attorney of record, in support of his Motion for Leave to File Response to Defendants' Motion for Summary Judgment Out of Time, and in response to Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment, would show unto this honorable Court as follows:

1. Plaintiff filed this case, *pro se* on May 5, 2004. Plaintiff is a Captain in the U.S. Army Reserve. On the same day that Plaintiff filed this case, his Army Reserve Unit was activated, and he was ordered to Report to Fort Sill, Oklahoma for active duty.

2. During the period of active duty, Plaintiff was understandably prevented from devoting time and attention to this case. The service copy of pleadings and motions filed with the court, orders entered by the Court, and discovery and documents addressed to Plaintiff by counsel for Defendants were sent to Plaintiff's home. There was usually a delay before plaintiff actually received such documents.

**Motion for Leave to File Out of Time
and Response to Motion to Strike**

Page 1 of 7

3. On November 15, 2004, the Court entered a scheduling order which set the following deadlines:

    a.    Bench Trial on a three week docket beginning on September 6, 2005,

    b.    Amended pleadings, on January 12, 2005,

    c.    Discovery due by June 15, 2005,

    d.    Joinder of parties by January 12, 2005,

    e.    [Dispositive] Motions due by June 15, 2005,

    f.    Proposed Pretrial Order due by August 23, 2005,

    g.    Pretrial Materials due by August 23, 2005.

4. On or about April 16, 2005, Plaintiff served interrogatories and requests for production on Defendants.

5. On or about April 24, 2005 Defendants served responses to Plaintiff's written discovery. Defendants' responses were incomplete, evasive, asserted baseless objections, and false in that they omitted information necessary to make them not misleading. On June 16, 2005, Plaintiff filed a Motion to Compel proper responses. That motion has not been ruled upon and is presently pending.

6. On June 15, Defendants filed a Motion for Summary Judgment. Plaintiff made an effort to file a response, but Defendant's incomplete and improper responses to Plaintiffs's written discovery requests made it very difficult to do so. Plaintiff moved for several extensions of time to respond to the Motion for summary judgment believing that sooner or later, his motion to compel would be granted, and that he would then have enough information defeat the motion. The Court granted each of the extensions. The last extension was to August 17, 2005.

7. In addition to Defendants' failure or refusal to cooperate in discovery, Plaintiff's personal

**Motion for Leave to File Out of Time**
**and Response to Motion to Strike**                                            Page 2 of 7

life was completely upset during this period of time.  Plaintiff has been married for over seventeen years.  He and his wife have two daughters, Gabriele and Desire'.  On June 5, 2005, Plaintiff's wife announced she was separating from him and moved out of their house.  This event was completely unexpected and came as a total shock to Plaintiff.  Plaintiff believes his wife's decision was caused largely by the intense financial pressure his family has been under since 1999, when lost his job as a Sergeant with the Dallas Police Department.  Plaintiff has been unemployed for most of the last six years.  During that period of time, he made an income that would support a family for only one year, from May 5, 2004 to May 5, 2005.  Plaintiff is a Captain in the U.S. Army Reserve.  His unit was activated because of the Iraq war, and he earned a decent salary for that one year.  Other than that, Plaintiff has been unemployed except for one job as a low paid juvenile detention officer working for a private firm that had contracted with Dallas County to operate a juvenile detention facility.  The income from the job was insufficient to support a family.  The only other income he has had since 1999 was his income from part time duty with his reserve unit when it was not activated.  Plaintiff believes the stress and anxiety caused by chronic financial difficulties was a major factor in his wife's decision to separate from him.  This has preyed on his mind causing depression, anxiety, stress, and inability to concentrate.  This situation has impaired Plaintiff's ability to organize evidence, draft papers for filing in court, meet deadlines, to handle his case in general.

8.  Plaintiff worked diligently attempting to prepare his Response to Defendants' Motion for Summary Judgment and an Appendix containing his Declaration with attached documentary evidence supporting his position.  Plaintiff intended to prepare a comprehensive Declaration that set out the facts, and identified and authenticated the evidence in the Appendix.  Plaintiff had a rough draft of the response and the declaration, and had selected the exhibits for inclusion in the Appendix by the

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **Harold B. Cornish** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Case No. 3:04-CV-0969-K** |
| | § | |
| **Texas Department of Protective and** | § | |
| **Regulatory Services** | § | |
| | § | |
| **Defendants** | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OUT OF TIME AND**

**RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

Before the Court are Plaintiff's Motion for Leave to File Response to Defendants' Motion for Summary Judgment Out of Time, and Defendants Opposed Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment. The Court finds that good cause exists to grant Plaintiff's Motion For Leave and deny Defendants' Opposed Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Plaintiff's Response to Defendants' Motion for Summary Judgment Out of Time be, and it hereby is, GRANTED.

IT IS FURTHER ORDERED that Defendants' Opposed Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment be, and it hereby is, DENIED.

_____
UNITED STATES DISTRICT JUDGE

**Order**                         Page 1 of 1

late night hours of July 22, 2005, a few hours before the deadline expired. When he began to review them before finalizing them and preparing the necessary copies, he realized that his documents did not accomplish their purpose. Plaintiff knew he had good facts, but the documents he prepared were too long, difficult to understand, and did not tell his story effectively. Plaintiff had difficulty deciding which exhibits were important and should be included in the Appendix, and which were unnecessary. His Declaration had grown to over 40 pages, and the appendix contained over 500 pages. Plaintiff realized the Appendix to his Response was too long, and was going to take much longer to duplicate than he ever imagined. Plaintiff was unable to get the documents in shape to file them before his time expired.

9. Thereupon, Plaintiff asked the undersigned attorney to represent him in this case. On August 2, 2005 the undersigned entered his appearance and moved for a two week extension to file the Response from to August 17, 2005. The attorney believed that two weeks was sufficient, and budgeted time for the task. The attorney vastly underestimated the amount of time the project would require. During this period, the attorney was preparing the response, and Plaintiff was preparing his declaration and organizing his evidence and selecting his exhibits. Each factual statement in the response requires support in the declaration or an exhibit. Plaintiff and his attorney agreed on the basic points that should be covered in the statement of facts in the response, and in the declaration. The attorney and the Plaintiff worked round the clock for seven days before the filing deadline. With the deadline drawing near, a draft of the response and the declaration were prepared, in time for editing, copying, and filing. Upon final review, it became apparent that the statement of facts in Plaintiff's Declaration was still to long, and stated in a prose that made it difficult to match a factual statement in the Response to a particular statement in the declaration. The facts were the same, but

the manner of presentation was so different, that the response and the declaration, while both accurate and truthful, simply were not compatible.  Furthermore the pared down Appendix still had far too many pages, and still lacked some very important exhibits.

10.  Plaintiff and his attorney worked to make the documents compatible.  As midnight approached, when it would be too late to even file the papers in the late box, it became apparent that it was impossible to have the documents ready on time.  Nevertheless, Plaintiff and his attorney worked through the rest of the night, trying to complete the papers so they could be filed one day late. By mid-morning they had worked to the point of physical and mental exhaustion. They realized that they needed some rest to think clearly and finish the project.

11.  Defendants claim that Plaintiff has failed to offer any excuse for late filing and has not filed a request to file his Response to Defendants' Motion for Summary Judgment beyond the deadline.  This document is both a response to Defendants' Motion to Strike, explaining the reasons for late filing, and a motion to file the response out of time.  Once it became apparent to Plaintiff that it would be impossible to file the response by the extended deadline, Plaintiff had a choice of simply filing the response when it was done, or filing the response together with a motion for leave to file out of time.  Plaintiff opted not to file such a motion on the outside chance that Defendants would not file an objection.  Plaintiff believed if the document was one day late, Defendants' counsel would be just as likely to object and move to strike as if it were several days late.  Faced with a choice of filing unfinished documents one day late, or filing more comprehensible documents a few days later, they opted for the second choice.  A motion for leave to file the response out of time was considered but not filed on the outside chance that Defendants would not file an objection.  The reasoning was that if Defendants did not file an objection, it would not have been necessary to burden the Court with one

**Motion for Leave to File Out of Time
and Response to Motion to Strike**                                                        Page 5 of 7

more motion. If Defendants did file an objection it would be raise exactly the same issue as is raised by the instant motion.

11. Defendants do not come into court with clean hands. Defendants deliberately, without justification, contumaciously failed and refused to respond to Plaintiff's written discovery, and to comply with the Rules. Defendants are largely responsible for Plaintiff's inability to respond to their Motion . They should not now be heard to complain that the response is late.

12. The circumstances described above constitute good cause to deny Defendants' Motion to Strike, and at the very least, excusable neglect. The foregoing facts constitute good cause grant Plaintiff's Motion for Leave to File Response to Defendants' Motion for Summary Judgment Out of Time.

WHEREFORE, it is prayed that the Court deny Defendants' Opposed Motion to Strike and grant Plaintiff's Motion for Leave to File Response To Defendants' Motion for Summary Judgment Out of Time, and grant such other and further relief to which Plaintiff may justly be entitled.

Respectfully submitted,

John D. Copeland
Texas Bar No. 04798700
1401 Elm Street, Suite 4585
Dallas, Texas 75202
(214) 749-4790 Phone
(214) 752-0404 Fax

ATTORNEY FOR PLAINTIFF

**Motion for Leave to File Out of Time
and Response to Motion to Strike**

Page 6 of  7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy or the foregoing Entry Of Appearance was served via U.S. mail, return on September 26 , 2005 on counsel for Defendants addressed as follows:

> Christopher Coppola
> Assistant Attorney General
> General litigation Division
> P.O. Box 12548
> Austin, Texas 78711-2548

John D. Copeland

## CERTIFICATE OF CONFERENCE

I certify that I was unable to confer with Defendants' Attorney regarding this Motion before filing it. Counsel for Plaintiff intends to confer with Defendants' attorney the day after this motion is filed. The undersigned believes that Defendants' Attorney will oppose this Motion.

Dated September 26, 2005.

John D. Copeland

**Motion for Leave to File Out of Time
and Response to Motion to Strike**

Page 7 of 7